IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTIN J. MERRYFIELD,

                Plaintiff,

v.                                         Case No. 5:23-cv-03041-TC-TJJ

KELSEY FLEET, JASON JESTER, XAN BOWERSOX,
PAM MIDDLETON, ELIZABETH KELLER, DAPHNE
NOREZ, DR. REBECCA FARR, KERI APPLEQUIST,
LINDA KIDD, KRISTINA ROSE, SHARON SURFACE,
SETH OSBORNE, DR. CHRISTINE MOHR, GABRIEL
ROP, LAURA HOWARD, STATE OF KANSAS, JANE
and JOHN DOES, et al. in their individual, personal, and
official capacities,

                Defendants.

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE AN ANSWER OR OTHERWISE PLEAD TO PLAINTIFF'S COMPLAINT**

Defendant State of Kansas along with all individually named Defendants, jointly move this Court for an Order granting an extension of time of 60 days, up to and including **June 30, 2023**, for Defendants to answer or otherwise plead to plaintiff's complaint. In support of this motion, Defendants state:

1. Plaintiff filed his complaint on February 13, 2023, and Defendants executed waivers of service from March 21 through March 24, 2023. On April 17, 2023, Defendants received a Clerk's extension to respond to plaintiff's complaint on or before May 1, 2023. Time has not yet expired on Defendants' deadline.

2. Plaintiff's complaint is 67 pages in length, contains 226 separate requests for relief and involves the application of Kansas statutes and policies of the Kansas Department for Aging and Disability Services (KDADS) to plaintiff in approximately 382 situations (a conservative count).

3. Plaintiff lists a total of 78 requests he submitted to named defendants spanning from September 4, 2000 through February 7, 2023. Each alleged request and determination require research of records and logged occurrences that KDADS does for all residents in their custody. Information must be gathered from both named defendants and other current or former staff members involved.

4. Plaintiff's complaint involves 20 separate topics, labeled A through T. Each topic has a minimum of six sub-topics. These topics run the gamut on restrictions imposed on ordering items, to comparisons of other people in detention facilities, to blanket bans on specific technology, to plaintiff's treatment environment and his lack of direct access to KDADS' Secretary, Laura Howard. Many of the plaintiff's references to policies incorrectly list the applicable policy, requiring further research into the applicable policies and/or statutes.

5. In addition to the State of Kansas and unnamed John/Jane Doe Defendants, this complaint involves fifteen individuals, some of whom are employees of the State, some of whom are contract workers with the State, and some of whom are former employees or former contractors of the State. The time to gather information from each of the named Defendants requires additional time for each of the 20 topics, 78 requests, and 382 applications of statute and policy to plaintiff.

6. Many of the policies complained about have already been adjudicated by Kansas courts to be constitutional.

7. Since 2008, plaintiff has filed at least 65 complaints, petitions, and appeals regarding his conditions while being assigned to the Kansas Sexual Predator Treatment Program (SPTP). Many of the complaints raised by the plaintiff have been raised by him in previous filings.

8. Many of plaintiff's demands for relief cannot be granted by named defendants and would require changes to Kansas laws.

9. Defendants plan to file a motion to dismiss plaintiff's claims, rather than expand

resources to litigate requests for relief that are barred by, primarily, res judicata, collateral estoppel, failure to state a claim, sovereign immunity, and failure to exhaust administrative remedies.

10. Arrangements for a phone call to request his consent to the extension were unsuccessful at the time of this filing.

WHEREFORE, Defendants jointly request this Court allow a 60-day extension to allow adequate review of plaintiff's numerous allegations and preparation of a comprehensive motion to dismiss in effort to aid the Court in expeditiously handling this matter.

Respectfully submitted,

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street
Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cbranson@fpsslaw.com | cmoe@fpsslaw.com

**s/Crystal B. Moe**

| | |
|---|---:|
| David R. Cooper | #16690 |
| Charles E. Branson | #17376 |
| Crystal B. Moe | #29168 |

**Attorneys for Defendants Bowersox, Middleton, Keller, Norez, Farr, Applequist, Kidd, Rose, Mohr, Rop, Howard, and State of Kansas**

## Certificate of Service

I hereby certify that I electronically filed the foregoing on the 26th day of April, 2023, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Mark R. Maloney, #14134 | Brian L. White, #20767 | Rebecca E. Bergkamp, #28239
HINKLE LAW FIRM, L.L.C.
1617 N. Waterfront Pkwy., Ste. 400 | Wichita, KS 67206-6639
T: (316) 267-2000 | F: (316) 264-1556
mmaloney@hinklaw.com | bwhite@hinklaw.com | rbergkamp@hinklaw.com
**Attorneys for Defendants Kelsey Fleet, Seth Osborn, Sharon Surface**

I further certify that on the same date, a copy was placed in the United States mail, postage prepaid, addressed to:

Dustin J. Merryfield
Larned State Hospital
Isaac Ray Building
1301 KS Highway 264
Larned, Kansas 67550
**Plaintiff** *Pro Se*

                                                                        **s/Crystal B. Moe**