## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**Dustin J. Merryfield**. Plaintiff

v.

**Kelsey Fleet,** et al.,
Defendants.

**Case No.**    23-CV-03041-TC-TJJ
(To be supplied by the Clerk)

FILED
U.S. District Court
District of Kansas

JUL 2 4 2023

Clerk, U.S. District Court
By _____ Deputy Clerk

### RESPONSE TO MOTION TO DISMISS
### WITH SUPPORTING MEMORANDUM

Dustin J Merryfield, comes forth with a formal response to the Defendant(s) Motion to Dismiss (Doc. 29) and requests the Court deny said motion to dismiss for the reasons stated herein.

### Statement of Facts

For brevity and to not be repetitious Dustin J. Merryfield hereby declares that the facts relied upon by him in presenting this document are clearly set forth in Document 1, in the file of this case before the Court.

### Arguments

**I.    Due Process that is not within a meaningful time frame is unconstitutional.**

The Defendant(s) move for dismissal on the grounds that a valid claim for relief is not stated. (Doc. 29 Pg. 1). Then the Defendant(s) cite case law that states a valid claim for relief is present when Due Process is due and not provided in a meaningful time and manner. *Winston v. Kansas Dept. SRS*, 274 Kan. 396, 409, 49 P.3d 1274, *cert. denied* 537 U.S. 1088 (2002).

1

The complaint alleges the denial of Due Process in a timely manner throughout all of Document 1. Some of the highlights of this allegation are:

1. On August 2, 2021, Mr. Merryfield submitted a request for media and today, July 17, 2023, a total of seven-hundred and seventeen (717) days has passed with no answer and no Due Process being provided. (Doc. 1 Pg. 8 ¶¶ 7-8, & 10)

2. On September 4, 2020 Mr. Merryfield submitted a request for media and today, July 17, 2023, a total of one-thousand and forty-seven (1,047) days has passed with no answer and no Due Process being provided. (Doc. 1 Pg. 8 ¶ 9)

3. Mr. Merryfield requested permission to purchase a book that he published and the Defendant(s) took four months before answering the request or providing Due Process. (Doc. 1 Pg. 10 ¶ 6).

4. On September of 2021 Mr. Merryfield submitted a request for media and today, July 17, 2023, a total of one-thousand and forty-seven (1,047) days has passed with no answer and no Due Process being provided. (Doc. 1 Pg. 31-32 ¶ 10)

Clearly the Due Process owed to Mr. Merryfield has and continues to be pending for a time period that is not a meaningful time and manner. Based on the case law and argument from the Defendant(s) these are valid claims for relief not subject to dismissal.

In addition the Kansas Court of Appeals clearly established that refusal to provide the Due Process is shocking and intolerable conduct that gives rise to a valid claim for relief. *Bailey v. Howard*, 272 P.3d 1287.


**II.      The Defendant(s) argue that the class Mr. Merryfield is in should be a class of one.**

A class of one is a class of persons that (1) Have been intentionally treated differently from others similarly situated and (2) There is no rational basis for the difference in treatment. *Mojo Built, LLC v. City of Prairie Vill.,* 2022 WL 288139 (2022).

The Defendant(s) argue that Mr. Merryfield is not similarly situated to a civilly committed person or a person in a criminal proceeding or an inmate confined in prison. (Doc. 29 Pg. 3). These are the three basic levels of confinement in the United States.

Per the KSVPA Mr. Merryfield was civilly committed for Care and Treatment under a special diagnosis that causes him to be a danger. K.S.A. 59-29a01. If he is not similarly situated to the three classes (Civil Confined; Pre-Trial Detainee; or Inmate) then he can only be in a class of one.

In fact the purpose of treatment is to ensure that Mr. Merryfield can operate in normal society wherein all this media is without being a risk to re-offend. Thus, if the Defendant(s) keep all media away from him, how are they accurately gauging what is a problem for him and then treating the issue if there is one? It cannot be said that they are.

This also means that none of his Constitutional rights have been established for one could not use the established rights for either of those three classes. Based on the Defendant(s) admittance, Plaintiff asks this Court to find that he is in a class that is a class of one for it is treated not like any other class in the United States.

In fact taking at face value the Defendant(s) argument the class Mr. Merryfield is in has no right to any media for any reason and all media is counter therapeutic. If true then the State via its officers has made it clear that Mr. Merryfield will never be eligible for release and no treatment will succeed making the confinement unconstitutional per *Kansas v. Hendricks*, 521 U.S. 346.

The Court should find that Mr. Merryfield is in a class of one and apply the appropriate heightened standard of review that comes with that designation in reviewing whether to dismiss or not.

III.     **There is a clearly established liberty interest that incoming mail is not to be read.**

The Defendant(s) argue that they are allowed to read Mr. Merryfield's incoming mail. In doing this they cite to K.S.A. 59-29a22(b)(15). (Doc. 29 Pg. 6).

While K.S.A. 59-29a22(b)(15)(B) does allow for mail to be read it clearly states that it can only occur in accords with the standards and procedure under subsection (c). Subsection (c) requires that before such a restriction is put in place, the Defendant(s) must issue notice and provide Due Process.

The Court of Appeals then interpreted K.S.A. 59-29a22 and found that if the procedures in subsection (c) were not complied with before a restriction went in place the Defendant(s) have committed shocking and intolerable conduct. *Bailey v. Howard*, 272 P.3d 1287, 2012 Kan. App. Unpub. LEXIS 230 *17-18.

The Defendant(s) cite the decision in *Pew v. Sullivan*, 50 Kan. App. 2d 106, to support that they can read all of Mr. Merryfield's incoming mail. However, they misread the opinion and ask this Court to interpret it in the wrong manner as they did.

In *Pew* the Court held there is no absolute right to mail *if* the Defendant(s) first issue notice as to why the right is being restricted and then afford Due Process for the restriction. The Complaint in this action clearly states that no Due Process or notice of restriction on mail allowing the facility has been issued. (Doc. 1 Pgs. 18, and 35-40). The complaint also lists several incidents with specific dates when the mail was read.

The Defendant(s) have not come forward and argued or providing any evidence that there was notice issued and due process provided for the reading of Mr. Merryfield's mail. Thus, there is a valid claim for relief and in accords with the established Court of Appeals and Supreme Court opinions of Kansas Mr. Merryfield's right to not have his mail read is a valid claim for relief violated constantly by the Defendant(s).

IV.     **Mr. Merryfield is not allowed to bring a rights restriction issue under a 7.1 Grievance Procedure.**

The Defendant(s) argue that if Mr. Merryfield has an issue with how long a rights restriction is taking to be processed he should have filed a grievance pursuant to Policy 7.1. (Doc. 29 Pg. 8).

This is simply not true and the Defendant(s) prove that it is not true. Attached to Document 29 is Exhibit E (Doc. 29-5), which describes the Resident Grievance Policy. On Page 2, in **bold**, the Defendant(s) policy states:

> "The grievance process shall **<u>not be used</u>** in any way as a substitute for, or as part of, the administrative review process outlined in **SPTP Policy No.: 7.2 - Administrative Review, SPTP Policy No.: 7.3 -Administrative Review of Treatment Tiers, SPTP Policy No.: 8.6 -Denial or Restriction of a Resident Right, or LSH Policy AD-19.0 Personal Injury or Property Damage or Loss, Including Lost/Missing Laundry Claims."**

Based on this plain language when Mr. Merryfield has filed a grievance concerning the Rights Restriction process it was returned unanswered with a citation to this part of the policy. The Defendant(s) policy is clear and then there actions on that prove that Mr. Merryfield is not allowed to use a grievance to challenge the rights restriction process or why it is taking so long to receive an answer.

The Defendant(s) have misread their policy in an attempt to dismiss this case. While doing this they provided the necessary evidence to show it is a frivolous or meritless argument. Mr. Merryfield asks this Court to find it frivolous and/or meritless.


V.      **If allowed to bring a rights restriction under Policy 7.1 it is constitutionally invalid as the persons answering are not empowered to grant any relief.**

In knowing that the Court can make a decision that finds Policy 7.1 can be used as a part of or supplemental to a rights restriction the Plaintiff argues the grievance system under Policy 7.1 is unconstitutional.

One is not required to use an administrative remedy that: 1) When required resort to an administrative remedy may cause undue prejudice to the assertion of a subsequent court action, as where the time period required for administrative action is unreasonable or indefinite; 2) Where the administrative remedy is inadequate because of doubt as to whether the agency is empowered to grant relief; and 3) Where the administrative remedy is inadequate because the administrative body is biased or has otherwise predetermined the issue before it. *Phu Chan Hoang v. Comfort*, 282 F.3d 1247, 1254-1255 (2002).

On July 13, 2023, the grievance officer per Policy 7.1, LeAnn Thomas, returned a grievance to Mr. Merryfield. In so doing questions ensued and LeAnn Thomas stated she has not been empowered to grant relief on a grievance procedure even if she finds that wrong occurred. In addition she stated that her only job with a grievance is to be a messenger, i.e she goes to the party named in the grievance and gets their side and puts it as the answer.

Mr. Merryfield has many grievances wherein this has occurred by Leann Thomas. Thus, the Defendant(s) refuse to put a grievance officer in place that is empowered to grant any relief even when wrong is found. This also means that the issue is predetermined and answered in a biased fashion for the one alleged to have done wrong provides the answer.

Then in Mr. Merryfield's experience the current statutory scheme for exhaustion of a grievance is a process that takes no less than five years to complete. This makes it unreasonable and a process that can be indefinite with no recourse available to Mr. Merryfield.

For these reasons Mr. Merryfield would also ask the Court to find that Policy 7.1 is unconstitutional as it does not meet the basic requirements as set forth in *Phu Chan*. Upon making this finding find that is not a remedy available to Mr. Merryfield to contest the rights restriction process.

VI.   **For an SVP in Kansas there is a liberty interest in having a grievance or Due Process procedure.**

The Defendant(s) cite case law and argue that Mr. Merryfield has no right to a grievance process or Due Process system as an administrative remedy. (Doc. 29 Pg. 8-9).

In making their argument they cite to the State court decision in *Chubb v. Sullivan*, 50 Kan. App. 2d 419, 445, 330 P.3d 423 (2014). This finding by the Kansas Court of Appeals was entered on the basis that Chubb showed no constitutional injury.

Mr. Merryfield stated that the Constitutional injury is that as long as he does not have a proper grievance procedure or Due Process system his right to access the Court under the First Amendment of the United States Constitution is denied. This is based on the fact that in the year 2015 the Legislature put in effect K.S.A. 59-29a24. This law prohibits Mr. Merryfield from seeking any relief in Court until the administrative remedy is exhausted.

The Courts in Kansas have since held this rule to bar any action. Thereby Mr. Merryfield is left with only being able to seek relief from the Federal Court pursuant to 42 U.S.C. 1983. This is limited and does not always allow for the relief needed or the ability to hear certain matters. Thereby his right to access the Court under the First Amendment of the United States Constitution is denied as long as the Defendant(s) do not have to provide, respond, or otherwise finalize any administrative remedy request. In addition this means the Defendant(s) can act with impunity and then not have to worry for if they don't issue, process or answer and administrative remedy request Mr. Merryfield cannot access the Court.

The landscape today is different than it was when the decision in *Chubb* was entered and this is a factually different situation in that Mr. Merryfield has alleged and shown harm, which can be proven by Mr. Merryfield. Thus a valid claim for relief has been stated.

In final passing note the State of Kansas has not passed a similar law barring any other type of confined person from accessing the Court to remedy abuse or violation of rights in the State of Kansas. Thus subjecting and creating another class of one for Mr. Merryfield.

VII.    **Defendant(s) argue that K.S.A. 59-29a22(c) allows for unconstitutional blanket bans.**

The Defendant(s) argue that K.S.A. 59-29a22(c) allows for a blanket ban of media if it is a rule that is common to all confined under the KSVPA. (Doc. 29 Pg. 9)

While it is true that when an administrative decision is made that applies to all confined under the KSVPA notice is all that is required and Mr. Merryfield is not owed any Due Process. However, this is not applicable in this case or in the KSVPA.

Policy 5.18 Resident Media is a policy that is therapeutically based. (Doc. 29-1). In the "Purpose" statement it states that the purpose is to ensure that material that is not therapeutically appropriate for a person confined is not allowed in. It also prevents sexually explicit material, however, the laws in the United States hold that no media rated R or below will contain sexually explicit material. Thus, the law concerning sexually explicit material is not proper as only that rated above an R could be sexually explicit, which Mr. Merryfield never has requested. In the complaint a similar situation applies to all forms of media as defined by the Defendant(s).

K.S.A. 59-29a22(b)(3) grants Mr. Merryfield the right to receive treatment that is individualized to his specific condition. For Mr. Merryfield that is Antisocial Personality Disorder. (Doc. 1 Pg. 6(A)(2)).

In the program there is a wide gamut of disorders and diagnoses by applying those to Mr. Merryfield he is denied individual treatment and forced to suffer aversion therapy. All of which are state created liberty interests. Thus, a media denial is not and should not be a blanket ban or one that applies equally to all in the facility.

Then a blanket ban cannot be put in place when there are least restrictive means available. In this case the facility has rules concerning sharing and Mr. Merryfield has secure storage in his room. This is secured by the fact that the Defendant(s) mandate that his room remain locked at all times. (Doc. 1 Pg. 6(A)(3-4)).

8

In society the equivalent of this would be to say since an alcoholic lives on the block no alcohol is allowed. This is not done in society. So if the job of the Defendant(s) is to prepare Mr. Merryfield for society as a part of treatment how can this be when they automatically block things that are not a problem for Mr. Merryfield.

As shown in the Complaint in this action there is case law that makes it clear that such blanket bans are unconstitutional. In this case that would include K.S.A. 59-29a22(c) being unconstitutional as applied by the Defendant(s). This is based on the fact they use it to institute a blanket denial, rather than an individual therapy based decision.

Not only is the blanket ban claim a valid claim for relief but is supported by case law and State created liberty interest. Forcing treatment for another on Mr. Merryfield is a violation of his rights.

## VIII.   A bald allegation with no argument or establishment of reason is not sufficient for dismissal.

The Defendant(s) claim in their request for dismissal that Mr. Merryfield's First Amendment rights were not violated. (Doc. 29 Pg. 12-13). In doing this they list no reason why or support for that contention in any fashion.

Conclusory statements or allegations with no facts or argument are invalid grounds for dismissal under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The Defendant(s) had a duty to bring forth valid reasoning as to why the allegation is supported, as they did not do this it should be considered waived or abandoned.

In addition the case listed by the Defendant(s), *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 132 (1977), has no bearing on this case. This case concerns a group of prison inmates that argued the First Amendment granted them the right to create a labor union within the prison. It had no decision concerning media and censorship of media which is the issue in this case.

The Defendant(s) also argue that Mr. Merryfield, due to his type of confinement, is not similarly situated to one not confined as an SVP, i.e. Inmate, Pre-Trial Detainee, Civil Commitment, etc. (Doc. 29 Pg. 3) However, now they want to state that Mr. Merryfield is entitled to the same as an inmate. It cannot be both ways.

The Defendant(s) argument that the First Amendment rights are not violated is unsupported and should be found to be waived or abandoned by the actions of the Defendant(s).

## IX.   Claim III in the complaint is supported by sufficient facts and arguments.

The Defendant(s) argue that Mr. Merryfield failed to provide sufficient facts and arguments for Claim III in his Petition. (Doc. 29 Pg. 14). Claim III alleges a violation of the right to Freedom of Association.

Throughout the complaint Mr. Merryfield argues he is unlawfully denied by the Defendant(s) access to: CD's, Books, Magazines, Paintings, Drawings, Writings, Pictures, Movies, TV Shows, Video Games. (Doc. 1 Pg. 7-32). Each of these are mediums in which ideas are expressed and shared and educational learning can occur. This is the heart of the First Amendment Freedom of Association protection.

In fact the Kansas Court of Appeals held, *Merryfield v. Sullivan*, 2015 Kan. App. Unpub. LEXIS 37, that freedom of association is necessary for a civilly committed sexually violent predator. More so in the context of communication and sharing of ideas.

By the Defendant(s) own rule Mr. Merryfield violates it every time he receives a piece of mail from the Defendant(s) in this case. A legal right he has but since it did not come from an approved vendor it is a violation of the rules. (Doc. 29-1 Pg. 1).

They have in no manner come forward and shown where the possession of this material has led a person to be a danger. In fact the Courts in the United States do not even allow for one to be excused from crime based on: (1) The music made me do it; (2) I was acting as the

video game showed me; (3) The book told me to do it; etc. In fact there is no empirical study that the Defendant(s) can provide, to Mr. Merryfield's knowledge, that would show their restrictions are rationally related to a therapeutic issue. In addition they did not do so themselves and therefore, dismissal at this stage would be improper.

X.      **The bar set by the *Rooker-Feldman* doctrine.**

Defendant(s) argue that *Rooker-Feldman* bars the claims. (Doc. 29 Pg. 14-15). Mr. Merryfield argues they failed to adequately brief this and therefore waived or abandoned it.

The Defendant(s) claim that Mr. Merryfield has presented the issues in the complaint to the State Court in Kansas and received a ruling thereby is barred by *Rooker-Feldman*. However, they do not list any case citation or describe how that case is similar or the same as to the allegations made in the complaint in this case.

Mr. Merryfield requests the Court to decline to find that *Rooker-Feldman* is a bar for the Defendant(s) failure to properly present the argument.

XI.     **The decision in *Entertainment Software Association v. Hatch.***

The Federal Court has decided that video games enjoy protection under the First Amendment of the United States Constitution and any restriction on them is presumptively invalid and subject to strict scrutiny. *Entm't Software Ass'n v. Hatch*, 443 F. Supp. 2d 1065 (2006).

This case dealt with a state law being passed that would prevent certain video games from being purchased. The Defendant(s) herein argue that there is a law that prevents Mr. Merryfield from having video games and as it was done in their official capacity it is considered an action by the State.

11

Therefore, in accords with the established law in the case of *Entm't Software Ass'n v. Hatch*, the denial of video games is subject to strict scrutiny and impermissible. Thus, all claims concerning video games in the Complaint are valid claims for relief.

Dustin J Merryfield
1301 K264 HWY
Larned Kansas 67550
Telephone: (620) 285-4660 ext. 4

## CERTIFICATE OF SERVICE BY U.S. MAIL

I hereby certify under penalty of perjury, that on the **21st** day of **July**, **2023**, I placed a true and correct copy of the above and foregoing "**Response to Motion to Dismiss**" into the hands of the facility on Dillon East 2 for delivery to the United States Postal Service. Each envelope had the appropriate postage affixed and was properly addressed to the following:

Clerk of the Court
204 U.S. Courthouse
401 North Market
Wichita Kansas 67202

David R. Cooper, Charles Branson, Crystal Moe
Fisher, Patterson, Sayler, & Smith
3550 SW 5th Street
Topeka Kansas 66606

Mark Maloney, Brian White,
Rebecca Bergkamp, Jesse J Guiterrez
Hinkle Law Firm
1617 North Waterfront Parkway Suite 400
Wichita Kansas 67206-6639

Dustin J. Merryfield
Plaintiff, *Pro Se*
1301 K264 HWY
Larned Kansas 67550-5353
Phone: (620) 285-4660 ext. 4

Mr. Dustin Merryfield
1301 K264 Hwy
Larned, KS 67550

I Support
Wounded
Warriors
★★★★★



THIS CORRESPONDENCE IS
FROM A SECURE FACILITY
AND IS UNCENSORED

Clerk of the Court
US District Court
204 U.S. courthouse
401 North Market
Wichita Kansas 67202

Legal Mail
Time Sensitive