IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTIN J. MERRYFIELD,

                Plaintiff,

    v.                                                      Case No. 5:23-cv-03041-TC-TJJ

KELSEY FLEET, JASON JESTER, XAN BOWERSOX,
PAM MIDDLETON, ELIZABETH KELLER, DAPHNE
NOREZ, DR. REBECCA FARR, KERI APPLEQUIST,
LINDA KIDD, KRISTINA ROSE, SHARON SURFACE,
SETH OSBORNE, DR. CHRISTINE MOHR, GABRIEL
ROP, LAURA HOWARD, STATE OF KANSAS, JANE
and JOHN DOES, et al. in their individual, personal, and
official capacities,

                Defendants.

---

**Joint Reply in Support of Defendants' Joint Motion to Dismiss**

Defendants, Xan Bowersox, Pam Middleton, Elizabeth Keller, Daphne Norez, Rebecca Farr, Keri Applequist, Linda Kidd, Kristina Rose, Christine Mohr, Gabriel Rop, Laura Howard, and the State of Kansas, along with Defendants Kelsey Fleet, Sharon Surface, and Seth Osborne jointly file this reply in support of dismissal.

**Statement of Facts**

Plaintiff does not disagree with those listed in Defendants' Motion to Dismiss, Doc. 29.

**Arguments and Authorities**

**I.    Because Plaintiff's restrictions are constitutional, no relief is warranted.**

Plaintiff's constitutional rights are justifiably restricted because of his commitment under the KSVPA. K.S.A. 59-29a01, *et seq.* Because Plaintiff enjoyed due process during the commitment proceedings in 2000, the restrictions he now laments as a result of his confinement are constitutionally permissible. *See Burch v. Jordan*, No. 07-3236, 2010 WL 5391569, at *13 (D.

Kan. Dec. 22, 2010), *aff'd sub nom*. *Burch v. Don Jordan*, 444 Fed. Appx. 236 (10th Cir. 2011) ("the loss of freedom of choice and privacy are inherent incidents of confinement[.]") (internal citations omitted). See also *Gilmore v. State of Kan.,* No. 03–3222–JAR, 2004 WL 2203458, at *5 (D. Kan. Sept. 27, 2004) ("Any magazines or publications that contain material describing or depicting sexual or erotic material, pornography, … may be proscribed by [Sexual Predator Treatment] Program due to legitimate treatment interests."). The rights provided to him requiring due process are provided through state statute and violations are not actionable under § 1983.

### A. Plaintiff misunderstands § 1983 actions.

Plaintiff confuses the standard for a § 1983 complaint with that of a habeas corpus petition. K.S.A. 60-1501 require allegations "of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). A claim under § 1983 must allege violation of a federal right. Plaintiff's (incorrectly interpreted) authority finding violation of a state statute is "shocking and intolerable" are inapplicable to this case and do not create a claim for relief under § 1983. *See* Doc. 30 at 2, 4.

Plaintiff's retort that § 1983 requires exhaustion of administrative remedies is clearly erroneous. *Burch v. Keck*, 56 Kan. App. 2d 1162, 1169, 444 P.3d 1000 (2019) ("[F]ederal law preempts the exhaustion requirement of K.S.A. 59-29a24.") Additionally, he misunderstands his grievance option. Doc. 30, 5. Policy 7.1 is distinct from Policy 8.6, the process to seek review of an imposed restriction. See Docs. 29.4 and 29.5. Policy 7.1, allows a grievance to the review *process* if he believes that staff have not responded as required to his challenged restriction(s), made under Policy 8.6.

Furthermore, Plaintiff misunderstands the notice requirement. The statutorily required notice required by K.S.A. 59-29a22(c) is provided to Plaintiff (and all KSVPA committed

individuals) through Defendants' policies. Policy 8.3 notices Plaintiff that his mail will be reviewed. Doc. 29.3. The Kansas Court of Appeals held that process is due (per state statute) when the mail is denied, not when it is reviewed. *Pew v. Sullivan*, 50 Kan. App. 2d 106, 329 P.3d 496 (2014). And the policy is not violated when Plaintiff receives legal mail as alleged. Doc. 30 at 10. See Doc. 29.3, at § B, Legal Mail. Plaintiff fails to state a valid claim for relief under §1983.

### B. Plaintiff has no protected property or liberty interest requiring due process.

Plaintiff does not show he has a protected interest in the property or liberty he seeks. *See State v. Wilkinson,* 269 Kan. 603, 609, 9 P.3d 1 (2000). Plaintiff has no entitlement to media that medically or therapeutically contradict his care and treatment and makes no assertion that the denials result in a loss of liberty beyond the normal circumstances of confined treatment. *See Williams v. DesLauriers,* 38 Kan. App. 2d 629, 638, 172 P.3d 442 (2007). Further, the alleged violated processes here arise from state statute, K.S.A. 59-29a22(c), not federal law. Violations of rights provided in state statute are unenforceable through § 1983. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

Defendants do not restrict all media from Plaintiff. *See* Doc. 30 at 3. The assertion of a "blanket ban" is belied by his admission in multiple instances that media can be, and has been, purchased from an approved vendor. *See e.g.,* Doc. 1 at 10, 19. Moreover, the determination of what material is counter therapeutic to Plaintiff's treatment—and therefore denied—is within the discretion of the Defendants to make. *Youngberg v. Romeo*, 457 U.S. 307, 307 (1982); *see also Merryfield v. State*, 44 Kan. App. 2d at 821.

### C. Plaintiff confuses censorship with consuming, and association with access.

The complaint does not allege Defendants censor Plaintiff. Censorship suppresses, restricts, or alters the content of what a person is attempting to say/speak/write/express. Restricting

Plaintiff's ability to purchase/own/watch/consume sexually explicit and counter therapeutic media is not synonymous with censorship. Plaintiff admits he's expressed himself in publishing a book and makes no allegation of Defendants' suppressing or censoring his ability to do so.

The complaint is also devoid of allegations involving Plaintiff's freedom to associate. The right to associate freely involves coming together to form groups and share ideas. The restrictions he protests are not analogous to association, but to access. The constraints on Plaintiff's freedom to freely access media are constitutionally permissible. *See Burch*, 2010 WL 5391569, at *14. Defendants' determinations are presumptively valid. *Id*. Again, Plaintiff fails to allege a plausible claim for relief.

## II.     Kansas Courts have found Defendants' challenged conduct constitutional.

Many of Plaintiff's claims regarding Due Process and Equal Protection violations, the vendor policy, the grievance procedure, blanket bans, and inadequate treatment, have already been raised. Doc. 29, § 3. The cases cited throughout Defendants' brief provide support that this Court need not relitigate decisions made by Kansas courts. *Lance v. Dennis*, 546 U.S. 459, 460 (2006).

## III.    Plaintiff's extraneous matters cannot be considered in this action.

"The court's function on a Rule 12(b)(6) motion is … to assess whether *the plaintiff's complaint alone* is legally sufficient to state a claim[.]" *Christensen v. Big Horn Cnty. Bd. of Cnty. Comm'rs*, 374 Fed. Appx. 821, 825 (10th Cir. 2010) (emphasis in original) (internal citations and quotations omitted). The district court does not look to any other pleading outside the complaint itself to determine whether a plaintiff has stated a claim. *Id*.

Plaintiff includes several new arguments and factual contentions for the first time in his response. *See* Doc. 30 at 2-3, 5-6, 7, and 11. They are improperly raised and cannot be considered by this Court. *See Christensen*, 374 Fed. Appx. at 825; *see also Reedy v. Werholtz*, 660 F.3d 1270,

1274 (10th Cir. 2011) (internal citations omitted) ("The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief.") In effort to liberally construe plaintiff's filing, *Garrett v. Selby Connor Maddux &Janer*, 425 F.3d 836, 840 (10th Cir. 2005), Defendants respond:

Plaintiff's allegation that he's been intentionally treated differently provides no specific factual support, nor is it included in the complaint. Doc. 30, 2-3. This argument cannot be considered. *See Christensen*, 374 Fed. Appx. at 825; *Reedy*, 660 F. 3d at 1274.  And his conclusion that he is a class of one because he is not similarly situated to other involuntary commitments is incorrect: he is in a class with other individuals committed under the KSVPA.

Plaintiff's new attack on Policy 7.1 and assertion he was denied individual treatment and forced to suffer aversion therapy is beyond the scope of the complaint and cannot be considered. *See id*. Nonetheless, his cited authority was vacated decades ago. *Hoang v. Comfort*, 282 F.3d 1247 (10th Cir. 2002), *cert. granted, judgment vacated sub nom. Weber v. Phu Chan Hoang*, 538 U.S. 1010 (2003), and *abrogated by Demore v. Kim*, 538 U.S. 510 (2003). And the authority to support his belief that he is entitled under the First Amendment to unlimited video games is inapplicable to him and not binding on this Court. *See* Doc. 30 at 11-12. Further, the complaint alleges censorship and association restrictions, not speech *i.e.*, videogames.

## Conclusion

Even under a broad reading of Plaintiff's filings, no violations of Plaintiff's Fourteenth or First Amendment rights are plausibly alleged. While the State has created additional rights for Plaintiff in state statute, these do not equate to constitutionally protected rights enforceable through § 1983 actions. The complaint should be dismissed with prejudice.

Respectfully submitted,

| | |
|---|---|
| **Fisher, Patterson, Sayler & Smith, LLP** <br> 3550 SW 5th Street <br> Topeka, Kansas 66606 <br> Tel: (785) 232-7761 \| Fax: (785) 232-6604 <br> dcooper@fpsslaw.com \| cbranson@fpsslaw.com \| cmoe@fpsslaw.com | **Hinkle Law Firm LLC** <br> 1617 N. Waterfront Parkway, Suite 400 <br> Wichita, Kansas 67206 <br> Tel: (316) 267-2000 \| Fax: (316) 264-1518 <br> bwhite@hinklaw.com \|mmaloney@hinklaw.com <br> jgutierrez@hinklaw.com \| <br> rbergkamp@hinklaw.com |
| s/Crystal B. Moe <br> David R. Cooper #16690 <br> Charles E. Branson #17376 <br> Crystal B. Moe #29168 <br> **Attorneys for Defendants Bowersox, Middleton, Keller, Norez, Farr, Applequist, Kidd, Rose, Mohr, Rop, Howard, and State of Kansas** | s/Mark R. Maloney <br> Mark R. Maloney, #14134 <br> Brian L. White, #20767 <br> Jesse J. Gutierrez, #28583 <br> Rebecca Bergkamp, #28239 <br> **Attorneys for Defendants Kelsey Fleet, Seth Osborne, and Sharon Surface** |

**Certificate of Service**

I hereby certify that I electronically filed the foregoing on the 7th day of August, 2023, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

I further certify that on the same date, a copy was placed in the United States mail, postage prepaid, addressed to:

Dustin J. Merryfield
Larned State Hospital
Isaac Ray Building
1301 KS Highway 264
Larned, Kansas 67550
**Plaintiff** *Pro Se*

**s/Crystal B. Moe**

{T0479192}                                7